# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| KEVIN MICHAEL BRIDGE, SR.,<br>      Appellant, | DOCKET NUMBER<br>NY-0752-14-0261-I-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>   AFFAIRS,<br>      Agency. | DATE: January 23, 2015 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kevin Michael Bridge, Sr., Pendleton, New York, pro se.

Mark Williams, Jr., Buffalo, New York, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a request to reopen an initial decision that dismissed his appeal of his alleged involuntary resignation during his probationary period for lack of jurisdiction.  For the reasons set forth below, we treat the appellant's

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

request as an untimely petition for review, and DISMISS the petition as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e)(g). However, we FORWARD the appellant's new claim under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301–4333) to the New York Field Office for docketing as a separate appeal.

## BACKGROUND

¶2    The agency appointed the appellant to a career-conditional competitive service Police Officer position subject to a 1-year probationary period. Initial Appeal File (IAF), Tab 5 at 47. The agency notified the appellant during his probationary period that he would be terminated for unacceptable attendance. *Id.* at 23. Prior to the effective date of his termination, the appellant resigned from his position. *Id.* at 18, 21.

¶3    The appellant filed a timely Board appeal alleging that his resignation was involuntary. IAF, Tab 1 at 4, 6. The administrative judge issued an order to show cause, which informed the appellant of the limited Board appeal rights of probationary employees and ordered him to submit evidence and argument demonstrating that the Board had jurisdiction over his appeal. IAF, Tab 3. The appellant did not respond to the order, and the agency moved to dismiss the appeal for lack of jurisdiction. *See* IAF, Tab 5 at 12, Tab 6, Initial Decision (ID) at 3.

¶4    In an initial decision dated June 2, 2014, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant had failed to raise a nonfrivolous allegation that the agency had discriminated against him based on partisan political reasons or marital status.[2] ID; *see* 5 C.F.R. § 315.806(b). The

---

[2] The administrative judge did not address whether the appellant had raised a nonfrivolous allegation that his termination was based on pre-appointment reasons. ID; *see* 5 C.F.R. §§ 315.805, 315.806(c). Instead, the administrative judge appears to have found that the appellant was removed for post-appointment reasons based upon the agency's statement to this effect in the notice of termination. ID at 3. However, we find that this adjudicatory error did not affect the appellant's substantive rights, and

initial decision informed the appellant that it would become the Board's final decision on July 7, 2014, unless he filed a petition for review by that date. ID at 5.

¶5        On August 2, 2014, the appellant filed a pleading entitled "Reopening an Appeal Dismissed Without Prejudice," in which he argued that the initial decision was incorrect, and raised new allegations that the agency had refused to compensate him for time that he spent traveling to training, and failed to notify him of overtime opportunities. PFR File, Tab 1 at 3. For the first time, the appellant also asserted that he "submitted Military Orders in lieu of scheduled working days" with the agency, and that these days "remain[ed] outstanding." *Id.* With his pleading, the appellant submitted several documents that were not part of the record below.[3] PFR File, Tab 1 at 4-37.

¶6        The Clerk of the Board informed the appellant that the Board could not reopen his appeal based upon his August 2, 2014 submission because the initial decision did not dismiss his appeal without prejudice. PFR File, Tab 2 at 1. The Clerk notified the appellant that the Board considered his filing to be a petition for review, which appeared to be untimely, and invited him to file a motion to accept the filing as timely or to waive the time limit for good cause. *Id.* at 1-2.

---

does not form a basis for reversing the initial decision. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984). In the order to show cause, the administrative judge advised the appellant that he would be entitled to a hearing if he raised a nonfrivolous allegation that his termination was based on matters which occurred before his appointment, and that he was not afforded the procedural protections set forth in 5 C.F.R. § 315.805. IAF, Tab 3 at 2. The appellant did not submit any evidence or argument in response to the order to show cause, and has not asserted in his filings below or on review that he was terminated for pre-appointment reasons. *See* ID at 3; IAF, Tab 1; Petition for Review (PFR) File, Tabs 1, 3.

[3] These documents included several email chains where some, but not all, of the emails in the chains were part of the record below. *See* IAF Tab 5 at 28-29; PFR File, Tab 1 at 11-12.

¶7    The appellant submitted a motion for waiver in response to the Clerk's notice. PFR File, Tab 3. The agency has not responded to the appellant's filings.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant's petition for review is dismissed as untimely filed without good cause shown.

¶8    The Board treats a request to reopen an initial decision that became final when neither party petitioned for review as an untimely filed petition for review. *Shannon v. Department of Veterans* Affairs, 110 M.S.P.R. 365, ¶ 5 (2009). Further, the Board generally does not reopen a case under its own regulations to cure the untimeliness of a petition for review. *Valdez v. Office of Personnel Management*, 103 M.S.P.R. 88, ¶ 4 (2006). We discern no reason to depart from these rules in this case, and, accordingly, the appellant's submission will be treated as an untimely filed petition for review.

¶9    A petition for review must be filed within 35 days after the date of issuance of the initial decision or, if the appellant shows that he received the initial decision more than 5 days after it was issued, within 30 days after the date that the appellant received the initial decision. 5 C.F.R. § 1201.114(e). Here, the initial decision was issued on June 2, 2014, and the appellant does not allege that he received the initial decision more than 5 days after its issuance date. PFR File, Tabs 1, 3. Accordingly, the appellant's August 2, 2014 petition for review, which was due no later than July 7, 2014, was untimely by 26 days. *See* ID at 5.

¶10   The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). To establish good cause for the untimely filing of a petition, the appellant must demonstrate that he exercised due diligence or ordinary prudence under the particular circumstances of his case. *See Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980) (setting forth this rule in the context of filing an initial appeal). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and

his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62–63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶11        Applying these factors, we find that the appellant has not shown good cause for his filing delay in this case. Although the appellant is pro se, his 26-day delay is not minimal. *See Allen v. Office of Personnel Management*, 97 M.S.P.R. 665, ¶ 8 (2004) (finding that a 14-day delay in filing a petition for review was not minimal). In his motion for waiver, the appellant asserts that his petition for review was untimely because he was unable to afford counsel and had difficulty understanding the Board's procedures and jargon. PFR File, Tab 3 at 4. However, an inability to afford counsel and a lack of familiarity with Board procedures do not establish good cause for an untimely petition for review. *See Lambright v. Office of Personnel Management*, 114 M.S.P.R. 507, ¶ 7 (2010) (holding that an inability to afford counsel did not establish good cause for the untimely filing of a petition for review); *Brum v. Department of Veterans Affairs*, 109 M.S.P.R. 129, ¶ 6 (2008) (finding that lack of familiarity with legal matters and Board procedures did not establish good cause for the untimely filing of a petition for review). Here, the initial decision expressly advised the appellant, in plain language, of the time limit and procedures for obtaining Board review. ID at 5-6. The appellant's failure to file his petition for review in accordance with these unambiguous instructions does not reflect due diligence. *See Schoenherr v. Department of Veterans Affairs*, 73 M.S.P.R. 99, 102 (1997) (determining that a pro se appellant did not exercise due diligence when he did not follow unambiguous instructions for filing a petition for review set forth in the initial decision).

¶12     The appellant further asserts that his petition for review was untimely because he needed to spend time caring for his children.  PFR File, Tab 3 at 4.  We find that the appellant's child care obligations do not establish good cause for his filing delay.  *See Reid v. Department of Veterans Affairs*, 95 M.S.P.R. 639, ¶ 6 (2004) (an appellant's need to care for his son during his wife's illness did not establish good cause for an untimely petition for review); *Smith v. Office of Personnel Management*, 92 M.S.P.R. 1, ¶ 5 (2001) (an appellant's family difficulties and need to care for his sons did not establish good cause for an untimely petition for review).

¶13     In addition, the appellant claims that he missed the filing deadline because he was attempting to complete 15 days of annual training that he owed his military unit.  PFR File, Tab 3 at 4.  With his motion for waiver, the appellant submitted copies of orders from the New York Army National Guard (NYARNG).  *Id.* at 5-11.  We find that the appellant's training obligations with the NYARNG do not establish good cause for his untimely filing.  The orders indicate that only a single day of the appellant's NYARNG annual training was scheduled prior to July 7, 2014, the deadline for filing a petition for review.  *Id.*  With his motion to reopen his appeal, the appellant also submitted military leave and earnings statements from the Defense Finance Accounting Service (DFAS), which indicate that he completed 2 additional days of annual training between the date that the initial decision was issued and the deadline for filing his petition for review.  PFR File, Tab 1 at 32.  Only 4 out of the appellant's remaining 14 days of annual training were scheduled prior to August 2, 2014, the date that he filed his motion to reopen his appeal.  PFR File, Tab 3 at 6; *see* PFR File, Tab 1 at 35 (reflecting payment for those 4 days of training).  Thus, even assuming that the appellant's annual training obligations with the NYARNG could establish good cause for an

untimely filing, they would at most account for 3 days, and would not justify his 26-day filing delay.[4]

¶14    To the extent that the appellant contends that the documents he submits in the first instance on review constitute new and material evidence, this assertion fails to establish a basis for waiving the filing deadline. The discovery of new evidence may establish good cause for the untimely filing of a petition for review if the evidence was not readily available before the close of the record below and is of sufficient weight to warrant an outcome different from that of the initial decision. *Agbenyeke v. Department of Justice*, 111 M.S.P.R. 140, ¶ 12 (2009). The appellant has submitted documents that predate the initial decision, including: (1) email correspondence with the agency, much of which pertains to efforts to reconcile his employment with the agency with his obligations to the Buffalo Police Academy; (2) a memo from the NYARNG, dated March 20, 2014, which states the appellant was required to perform several days of annual training in March 2014; and (3) military leave and earnings statements from DFAS,

---

[4] We recognize that under the Servicemembers Civil Relief Act of 2003 (SCRA), "the period of a servicemember's military service may not be included in computing any period limited by law . . . for the bringing of any action or proceeding in a court . . . by or against the servicemember . . . ." 50 U.S.C. app. 526(a); *see Brown v. U.S. Postal Service*, 106 M.S.P.R. 12, ¶¶ 12-16 (2007) (remanding an appeal for consideration of whether the SCRA tolling provision covered the appellant's military service). However, only certain forms of National Guard duty toll filing deadlines under the SCRA. The SCRA defines "military service" for National Guard members to include only "service under a call to active service authorized by the President or the Secretary of Defense for a period of more than 30 consecutive days under section 502(f) of [T]itle 32, United States Code, for purposes of responding to a national emergency declared by the President and supported by Federal funds." 50 U.S.C. app. § 511(2)(A)(ii); *see* 50 U.S.C. app. § 511(2)(A)(i) (defining service for servicemembers not in the National Guard as active duty under 10 U.S.C. § 101(d)(1)); 10 U.S.C. § 101(d)(1) (excluding full time National Guard duty from the definition of active duty military service). The orders submitted by the appellant indicate that his NYARNG training was for periods of less than 30 consecutive days. PFR File, Tab 3 at 5-11. Thus, time that the appellant spent in annual training with the NYARNG prior to filing his petition for review would not toll the filing deadline under the SCRA.

reflecting annual training and funeral duty obligations on various dates. PFR File Tab 1 at 4-8, 11-28. However, the appellant has not explained why these documents were previously unavailable despite due diligence, and they are not relevant to the issue of the Board's jurisdiction over his appeal as a probationary employee. *See Alexander v. Department of Veterans Affairs*, 90 M.S.P.R. 591, ¶ 8 (2002) (finding that documents that were available before the initial decision were not new evidence establishing good cause for the untimely filing of a petition for review); *Dow v. Department of Homeland* Security, 109 M.S.P.R. 633, ¶ 7 (2008) (new evidence that did not establish that the initial decision's dismissal for lack of jurisdiction was incorrect was not material).

¶15    The appellant also submits documents created after the initial decision was issued, including: (1) additional DFAS leave and earnings statements reflecting annual training and funeral duty obligations on various dates through July 2014; and (2) email correspondence with the agency, which discusses the appellant's requests to resolve his claims against the agency. PFR File, Tab 1 at 9-10, 29-37. We find that these documents are not material to the Board's jurisdiction over the appellant's appeal, and, as discussed previously, they do not establish good cause for his untimely filing. *See Maples v. Defense Logistics Agency*, 31 M.S.P.R. 667, 671 (1986) (the fact that the appellant sought to settle with the agency did not establish good cause for waiving the time limit to file a petition for review), *aff'd*, 824 F.2d 980 (Fed. Cir. 1987).

¶16    Regarding the appellant's new arguments that the agency refused to compensate him for time spent traveling to training and failed to notify him of overtime opportunities, the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); *see Gursslin v. U.S. Postal Service*, 102 M.S.P.R. 427, ¶ 9 (2006) (declining to address new arguments raised in the first instance in an untimely petition for review). Even

assuming his petition for review were timely, the appellant has not established that these new arguments are based upon evidence that was not previously available, and thus, we will not reopen his appeal to consider them here.[5]

¶17    Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board concerning the dismissal of the appeal.

The appellant's USERRA claim is forwarded for docketing as a separate appeal.

¶18    For the first time on review, the appellant asserts that he "submitted Military Orders in lieu of scheduled working days" with the agency, "as permitted by Federal Law," and that these days "remain outstanding." PFR File, Tab 1 at 3. We construe the appellant's statements as a claim that the agency either discriminated against him based upon his military obligations, or denied him reemployment after a period of absence due to military service, in violation of the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA). *See* 38 U.S.C. §§ 4311(a), 4312(a). To establish Board jurisdiction over a USERRA discrimination claim, an appellant must allege that (1) he performed duty or has an obligation to perform duty in a uniformed service of the United States; (2) the agency denied him initial employment, reemployment, retention, promotion, or any benefit of employment; and (3) the denial was due to the performance of duty or obligation to perform duty in the uniformed service. *Gossage v. Department of Labor*, 118 M.S.P.R. 455, ¶ 10 (2012). In contrast, a reemployment claim arises under USERRA when an employee claims that an agency has not met its obligations under 38 U.S.C. §§ 4312-4318 following his absence from civilian employment to perform uniformed service. *Clavin v. U.S.*

---

[5] We further note that the denial of overtime or premium pay is not a reduction in pay that is appealable to the Board. *See Bell v. Department of Transportation*, 39 M.S.P.R. 210, 213 n.5 (1988); *see also* 5 U.S.C. § 7512(4).

*Postal Service*, 99 M.S.P.R. 619, ¶ 5 (2005).  Unlike discrimination claims, an appellant's rights under USERRA's reemployment provisions do not depend on the motivation for an agency's action or inaction.[6]  *Rassenfoss v. Department of the Treasury*, 121 M.S.P.R. 512, ¶ 10 (2014).

¶19     USERRA claims are broadly and liberally construed, are not subject to a statute of limitations, and may be raised in the first instance in a petition for review.  *Henson v. U.S. Postal Service*, 110 M.S.P.R. 624, ¶ 10 n.6 (2009); 5 C.F.R. § 1208.12.  In addition, unlike in the case of an adverse action under 5 U.S.C. chapter 75, the Board has jurisdiction over USERRA appeals, even where an employee was serving a probationary period at the time of the alleged violation.  *Wright v. Department of Veterans Affairs*, 73 M.S.P.R. 453, 454 (1997).  Therefore, we FORWARD the appellant's new USERRA claim to the New York Field Office for docketing and adjudication as a new appeal.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and

---

[6] Not all military service qualifies an individual for reemployment.  *See generally* 38 U.S.C. § 4303(13), (16).  When this case is redocketed, the appellant will have the burden to show that he performed full-time National Guard duty, or that his service otherwise qualified him for reemployment under USERRA.  *Id.*

that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.